UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | SA CV 24-2077 FMO | Date | October 11, 2024 |
|---|---|---|---|
| Title | In Re The Litigation Practice Group P.C. | | |

| Present: The Honorable | Fernando M. Olguin, United States District Judge | |
|---|---|---|
| Vanessa Figueroa | None | None |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

Attorney Present for Plaintiff(s):      Attorney Present for Defendant(s):

None Present      None Present

**Proceedings:**      **(In Chambers) Order to Show Cause Re: Consolidation of Actions**

In three related appeals[1] arising from debtor The Litigation Practice Group's Chapter 11 bankruptcy petition (Bankruptcy ("BK") Case No. 23-10571 SC), appellant Bridge Funding Cap, LLC challenges the Bankruptcy Court's grant of partial summary judgment, (see Litigation Practice I Dkt. 1, Notice of Appeal at 2), and appellants Han Trinh and Greyson Law Center, PC challenge the Bankruptcy Court's orders denying their motions for administrative claims. (See Litigation Practice II, Dkt. 1, Notice of Appeal at 2); (Litigation Practice III, Dkt. 1, Notice of Appeal at 2).

"If actions before the court involve a common question of law or fact, the court may . . . consolidate the actions[.]" Fed. R. Civ. P. 42(a)(2). The court "weighs the saving of time and effort consolidation would produce against any inconvenience, delay, or expense that it would cause." Huene v. United States, 743 F.2d 703, 704 (9th Cir.), on reh'g, 753 F.2d 1081 (9th Cir. 1984). "A district court generally has 'broad' discretion to consolidate actions[.]" Pierce v. Cty. of Orange, 526 F.3d 1190, 1203 (9th Cir. 2008).

Having reviewed the dockets in Litigation Practice I, Litigation Practice II, and Litigation Practice III, IT IS ORDERED that:

1. No later than **October 17, 2024**, each party shall file a Memorandum Re: Consolidation ("Memorandum"), no longer than five pages in length, addressing (1) the extent to which there are similar factual and/or legal issues in the above cases, and (2) whether or not the cases should be consolidated pursuant to Rule 42(a) of the Federal Rules of Civil Procedure.

2. If the parties agree that the cases should be consolidated, then the parties shall file a

---

[1] The three related appeals are In re The Litigation Practice Group, P.C. (Litigation Practice I), SA CV 24-2043 (C.D. Cal.), In re The Litigation Practice Group, P.C. (Litigation Practice II), SA CV 24-2074 (C.D. Cal.), and In re The Litigation Practice Group, P.C. (Litigation Practice III), SA CV 24-2077 (C.D. Cal.).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | **SA CV 24-2077 FMO** | Date | **October 11, 2024** |
|---|---|---|---|
| Title | **In Re The Litigation Practice Group P.C.** | | |

stipulation in lieu of a Memorandum no later than **October 17, 2024**.

|  | 00 | : | 00 |
|---|---|---|---|
| Initials of Preparer | | vdr | |